IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHON MESKAUSKAS,                     )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )          Case No. 18-cv-1446-SMY-RJD
                                          )
JENETTE COWAN, et al.,                    )
                                          )
            Defendants.                   )
                                          )

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc.

35). Defendants did not file a response. For the reasons set forth below, the motion is

**GRANTED**.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this

lawsuit pursuant to 42 U.S.C. §1983. Plaintiff alleges that, during his incarceration at Menard

Correctional Center ("Menard"), prison officials were deliberately indifferent to his safety when

they denied his request for protective custody despite a known risk of attack by gang members.

He also brings Eighth Amendment claims against officials for failing to intervene when he was

attacked by gang members, exhibiting deliberate indifference to his resultant medical needs, and

subjecting him to unconstitutional conditions of confinement following the attack. Following

threshold review, Plaintiff is currently proceeding on the following claims:

> **Count 1:**     Cowan, Gardiner, Hutchinson, Knauer, and Baldwin failed to protect
> Plaintiff from a substantial risk of serious harm by denying him protective
> custody, in violation of the Eighth Amendment.

**Count 2:** John Doe (officer assigned to tower Y on yard on February 28, 2017), John/Jane Does (officers who were assigned to yard and responded to 10-10 call on February 28, 2017), Lieutenant Bramlet, and Major Allen failed to intervene to protect Plaintiff when he was attacked by Latin Folks gang members on February 28, 2017, in violation of the Eighth Amendment.

**Count 3:** Dudzinski and Brumleve were deliberately indifferent to Plaintiff's conditions of confinement from approximately February 28, 2017 through March 6, 2017.

**Count 4:** Brumleve was deliberately indifferent to Plaintiff's serious medical condition (being unable to stand and experiencing severe pain from approximately March 1, 2017 through March 18, 2017), in violation of the Eighth Amendment.

Plaintiff seeks leave to amend his complaint to identify the John Doe Defendants. Plaintiff's amended Complaint does not add new claims.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Amended Complaint identifies the previously named John Doe Defendants.

Plaintiff's claims set forth in the amended complaint have previously been screened pursuant to 28 U.S.C. § 1915A. Plaintiff's request to amend the complaint is timely and does not cause undue delay. Defendants do not object to the motion to amend and will not be unfairly surprised or prejudiced. For clarification, Defendant Lashbrook was previously dismissed from Count 1 and remains on the docket only for purposes of identifying the John Doe Defendants. Defendant Lashbrook remains dismissed from Count 1.

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint (Doc. 35) is **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as the First Amended Complaint.

Plaintiff is currently proceeding on the follow claims:

| | |
|---|---|
| **Count 1:** | Cowan, Gardiner, Hutchinson, Knauer, and Baldwin failed to protect Plaintiff from a substantial risk of serious harm by denying him protective custody, in violation of the Eighth Amendment. |
| **Count 2:** | James Willis, Joseph P Smith, Lt. George Welborn, Lt. Scott T. Minh, Sgt. Christopher A. Wehrenberg, Aaron R. Hood, Daniel S. Lee, Christopher Lindsey, Daniel A. Murphy, Shyler J. Mathis, Eric J. Campbell, John A. Baker, Roland Brandon, Jonathan Sternberg, Lieutenant Bramlet, and Major Allen failed to intervene to protect Plaintiff when he was attacked by Latin Folks gang members on February 28, 2017, in violation of the Eighth Amendment. |
| **Count 3:** | Dudzinski and Brumleve were deliberately indifferent to Plaintiff's conditions of confinement from approximately February 28, 2017 through March 6, 2017. |
| **Count 4:** | Brumleve was deliberately indifferent to Plaintiff's serious medical condition (being unable to stand and experiencing severe pain from approximately March 1, 2017 through March 18, 2017), in violation of the Eighth Amendment. |

The Clerk of Court shall prepare for Defendants James Willis, Joseph P Smith, Lt. George Welborn, Lt. Scott T. Minh, Sgt. Christopher A. Wehrenberg, Aaron R. Hood, Daniel S. Lee,

Christopher Lindsey, Daniel A. Murphy, Shyler J. Mathis, Eric J. Campbell, John A. Baker, Roland Brandon, and Jonathan Sternberg: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).   The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and a copy of this Order to Defendants' place of employment as identified by Plaintiff.   If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED:   February 4, 2019**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**